UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80627-CIV-DIMITROULEAS

LINDA DYE, as an individual and on behalf of
all others similarly situated,

    Plaintiff,

vs.

BODACIOUS FOOD COMPANY, a Georgia
Corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's, Bodacious Food Company, Motion to Dismiss (the "Motion") [DE 9], filed herein on August 6, 2014.  The Court has carefully considered the Motion [DE 9], the Response [DE 11] and the Reply [DE 13].  The Court is otherwise fully advised in the premises.

### I.    BACKGROUND[1]

The parties to this action are plaintiff Linda Dye ("Plaintiff"), as an individual and on behalf of all others similarly situated, and defendant Bodacious Food Company ("Bodacious" or "Defendant").  Defendant makes Geraldine's Cookies, including Geraldine's Italian Wedding Cookies, Geraldine's Pecan Cini-Minis Cookies, and Geraldine's Key Lime Cookies (collectively, the "Products"). [DE 1 ¶ 1].  The Products' packaging states that the Products are "All Natural."  [*Id.* ¶ 3].  However, the Products contain unnatural, synthetic, artificial, and/or genetically modified ingredients such as Sugar, Canola Oil, Dextrose, Corn Starch and Citric Acid.  [*Id.* ¶¶ 1-3, 23].

---

[1] The background facts are taken exclusively from the allegations in the Complaint [DE 1].

1

Accordingly, Plaintiff alleges that Defendant's "All Natural" claim is untrue, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class. [*Id.* ¶ 24]. Plaintiff further alleges that Defendant unlawfully markets, advertises, sells and distributes the Products—with the false "All Natural" representation—to Florida purchasers in grocery stores, food chains, mass discounters, mass merchandisers, club stores, convenience stores, drug stores and/or dollar stores. [*Id.* ¶ 25]. Finally, Plaintiff alleges that she and other Class members suffered various economic injuries in connection with purchasing the Products, which were not as represented. [*Id.* ¶¶ 40-44].

Plaintiff initiated this action against Defendant on May 10, 2014, asserting the following causes of action: (1) Violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) Negligent Misrepresentation; (3) Breach of Express Warranty; (4) Violation of the Magnuson-Moss Warranty Act ("MMWA"); and (5) Unjust Enrichment. Through the instant Motion [DE 9], Defendant seeks dismissal of all counts.

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light

most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

**B.     Rule 9(b)**

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).

3

### III.    DISCUSSION

Defendant asserts seven arguments for dismissal.  The Court will consider each argument in turn.[2]

### A.    Primary Jurisdiction Doctrine

Defendant asserts that, pursuant to the primary jurisdiction doctrine, the Court should defer to the Food and Drug Administration ("FDA") on the core issues underlying this case.  More specifically, Defendant maintains that analyzing and determining the meaning and implications of the term "natural," as used on food labels, are tasks within the purview of the FDA's functioning and expertise.

The Court, however, finds that neither a dismissal nor a stay is warranted under the primary jurisdiction doctrine.  The primary jurisdiction doctrine applies whenever enforcement of [a] claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. W. Pac. R.R. Co.,* 352 U.S. 59, 64 (1956).  The doctrine "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Jones v ConAgra Foods, Inc.,* 912 F. Supp. 2d 889, 898 (N.D. Cal. 2012) (internal quotations omitted).  Under the doctrine, the following four factors are relevant to a court's determination of whether to defer to an agency's primary jurisdiction: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has

---

[2] Federal courts sitting in diversity apply the substantive law of the state in which the case arose.  *Pendergast v. Sprint Nextel Corp.,* 592 F.3d 1119, 1132–33 (11th Cir.2010).  Accordingly, the Court will apply Florida law.

been made." *Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 46 F.3d 220, 222 (2d Cir. 1995)). Courts have declined to dismiss false advertising claims premised on food companies' "natural" claims because the FDA simply does not regulate those claims. *See, e.g., Jones*, 912 F. Supp. 2d at 898-99 (declining to apply primary jurisdiction doctrine to "100% natural" claims); *Janney v. General Mills,* 944 F. Supp. 2d 806, 814-15 (N.D. Ca. 2013) ("Nevertheless, in repeatedly declining to promulgate regulations governing the use of 'natural' as it applies to food products, the FDA has signaled a relative lack of interest in devoting its limited resources to what it evidently considers a minor issue, or in establishing some 'uniformity in administration' with regard to the use of 'natural' in food labels.").

In light of this precedent, the Court finds no basis to stay or dismiss this case in deference to the FDA. The FDA is free to promulgate regulations governing the term "natural" but has not done so. Judges have experience interpreting terms in conjunction with parties' disputes, and the prospect of interpreting the term "all natural" does not fall outside of that conventional experience. Thus, the Court declines to stay or dismiss the case under the primary jurisdiction doctrine.

**B.**     **Subject Matter Jurisdiction**

    **1.**     **Amount in Controversy**

Defendant contends that Plaintiff has failed to meet the $5,000,000 jurisdictional dollar amount required for diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Defendant asserts that Plaintiff's jurisdictional allegations—that the $5,000,000 threshold is met—contradict a sales figure document that Defendant provided to Plaintiff prior to the filing of this action. Finally, Defendant asserts that "[t]he sales figures will be provided to

5

the Court for review in a separate correspondence to ensure that the confidential nature of same is maintained." *See* [DE 11 at 5 n.2].

The Court finds that Plaintiff has satisfied the amount-in-controversy requirement under CAFA. Under CAFA, a district court has jurisdiction over a class action in which the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "Generally, [i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (internal quotations omitted).

Plaintiff's complaint alleges that "the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00, in the aggregate." *See* [DE 1 ¶ 11]. Defendant cannot rely on an undisclosed document to refute that allegation and obtain dismissal for a lack of subject matter jurisdiction. Defendant has not filed any "sales figures" in support of the Motion [DE 9]. Moreover, the Defendant is not entitled to communicate to the Court through "a separate correspondence." All submissions to the Court must be filed on the docket. Unless a motion to seal is properly filed pursuant to the Local Rules and is granted by the Court, all filings on the docket will remain public. Thus, it does not appear to a legal certainty that Plaintiff's class claim is really for less than $5,000,000. The Court will not dismiss for lack of subject matter jurisdiction.

### 2.    **Standing to Seek Injunctive Relief**

Defendant submits that Plaintiff lacks standing to pursue injunctive relief. According to Defendant, Plaintiff has not established a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury. In support, Defendant notes that Plaintiff

will no longer purchase the Products, which are alleged to be deceptively-labeled as "All Natural." Therefore, Defendant maintains that Plaintiff faces no threat of future injury.

The Court disagrees. FDUTPA "is broadly worded to authorize declaratory and injunctive relief even if those remedies might not benefit the individual consumers who filed the suit." *Galstaldi v. Sunvest Comtys. USA, LLC*, 637 F. Supp. 2d 1045, 1057 (S.D. Fla. 2009) (internal quotations omitted). Accordingly, "[a]ny person aggrieved by a violation of the FDUTPA may seek declaratory and/or injunctive relief under the statute. There is no requirement that a plaintiff show an ongoing practice or irreparable harm, and declaratory relief is available regardless of whether an adequate remedy at law also exists." *Id.*; *see also Kelly v. Palmer, Reifler, & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1366 (S.D. Fla. 2010) ("Fla. Stat. § 501.211(1) permits a claim for injunctive relief by 'anyone aggrieved' by an unfair or deceptive act.").

Plaintiff alleges that she was injured by Defendant's unfair or deceptive practices regarding the Products. Those allegations are sufficient to establish standing for injunctive relief under FDUTPA.

**C.     Disclosure of Ingredients on the Products' Packaging**

Defendant asserts that there can be no misrepresentations where the Products' packaging discloses the actual ingredients in the Products. Specifically, the label on the Product that Plaintiff purchased disclosed that those cookies contained sugar, canola oil, dextrose, corn starch, and citric acid. Accordingly, Defendant maintains that Plaintiff cannot establish that there were any misrepresentations as to the inclusion of those ingredients.

The Court finds that the packaging's disclosure of ingredients does not require a dismissal of Plaintiff's causes of action. A consumer might be misled by the statement "all

natural," regardless of additional disclosures on the back of a Product's packaging. It is plausible that a consumer might rely on the "all natural" representation without scrutinizing the ingredients or, alternatively, that a consumer might incorrectly believe that sugar, canola oil, dextrose, corn starch, and citric acid are "all natural" ingredients.

Moreover, *Kuenzig*—a Middle District of Florida case relied upon by Defendant—involved distinguishable facts. *See Kuenzig v. Kraft Foods, Inc.*, No. 8:11–cv–838–T–24 TGW, 2011 WL4031141 (M.D. Fla. Sept. 12, 2011). In *Kuenzig*, the allegations involved a "percent-fat-free" indication that was adjacent to a "calories" indication on the front of the packaging. *Id.* at *1-2. The plaintiff alleged that the close proximity of those two indications was misleading because the "percent-fat-free" number was not actually connected to the number of calories. *Id.* The court found that the number of calories from fat was disclosed on the back of the food labels and, therefore, that the "percent-fat-free" indication—which did not address calories from fat—was not misleading. *Id.* at 9.

Here, the allegations indicate that the "all natural" claim is actually false. Specifically, Plaintiff alleges that the Products contain ingredients that are not "natural." The facts, therefore, are different from those in *Kuenzig*, where the allegations were that the "percent-fat-free" suggested a separate statistic that was actually included in an accurate form on the product's label. Thus, the Court finds that the inclusion of ingredients on the Products' packaging does not preclude Plaintiff's claims.

**D.    Definition of the Term "Natural"**

Defendant contends that Plaintiff's claims fail because Plaintiff fails to define the term "natural." Specifically, Defendant asserts that, absent a definition of "natural," Plaintiff's

8

allegations cannot state a plausible claim that use of the term "all natural" was false or misleading.

The Court disagrees. "Whether [specific] conduct constitutes an unfair or deceptive trade practice is a question of fact for the jury to determine." *Nature's Products, Inc. v. Natrol, Inc.*, 990 F. Supp. 2d 1307, 1322 (S.D. Fla. Oct. 7, 2013). Plaintiff alleges facts that, if true, establish a deceptive or false claim as to the Products. Specifically, Plaintiff alleges that "the Products contain synthetic, artificial, and/or genetically modified ingredients, including, but not limited to, Sugar, Canola Oil, Dextrose, Corn Starch, and Citric Acid." *See* [DE 1 ¶ 48]. The Court finds no basis to disregard those allegations, which identify the specific compounds that are purportedly not "natural." Thus, Defendant's argument as to the meaning of "natural" does not warrant a dismissal of any claims.[3]

### E.   FDUTPA, Negligent Misrepresentation, and Unjust Enrichment Claims

Defendant asserts that Plaintiff's FDUTPA, negligent misrepresentation, and unjust enrichment claims fail to satisfy the heightened pleading requirements under Rule 9(b). According to Defendant, Plaintiff fails to explain how she was deceived by the "all natural" statement on the Products' labels.

The Court finds that Plaintiff has complied with the pleading requirements under Rule 9(b). Rule 9(b) requires that a plaintiff allege "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the

---

[3] It is unclear if this argument addresses the FDUTPA claim or all of Plaintiff's claims. As to the FDUTPA claim, Plaintiff must allege facts showing (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See Feiner v. Innovation Ventures LLC*, No. 12–62495–CIV, 2013 WL 2386656, at *2 (S.D. Fla. May 30, 2013). Plaintiff has alleged such facts. As to the remaining claims, the Court does not find that a definition of the term "natural" is an essential element.

defendant obtained as a consequence of the fraud." *McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013).

Plaintiff alleges that she purchased Geraldine's Italian Wedding Cookies for $3.79 from Publix Super Market in Palm Beach Gardens, Florida; that the Product's label stated that the Product was "All Natural"; that the Product actually contained the unnatural ingredients of Sugar, Canola Oil, Dextrose, Corn Starch, and Citric Acid; and that Plaintiff would not have purchased the Product had she known it contained those ingredients. *See* [DE 1 ¶¶ 45-54]. Those allegations show precise statements that purportedly misled Plaintiff into purchasing a specific Product for a specific price for Defendant's profit. Accordingly, to the extent that Rule 9(b) applies to Plaintiff's FDUTPA, negligent misrepresentation, and unjust enrichment claims,[4] the allegations include the sufficient particularity.

## F.     Breach of Express Warranty

Defendant asserts that Plaintiff has not stated a claim for breach of express warranty. Specifically, Defendant submits that its "all natural" label does not provide any exact terms of a warranty.

The Court finds that Plaintiff has adequately stated a claim for breach of express warranty. "To state a claim for breach of express warranty under Florida law, 'a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty.'" *Egbebike v. Wal-Mart Stores East, LP*, 2014 WL 3053184, at *5 (M.D. Fla.

---

[4] *See, e.g., SIG, Inc. v. AT & T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013) ("FDUTPA claims can be based on deceptive or unfair practices that do not involve fraud . . . and need not be pled with particularity."); *U.S. v. Gericare Medical Supply Inc.*, No. CIV.A.99-0366-CB-L, 2000 WL 33156443, at *10 (S.D. Ala. 2000) ("It appears to be the rule that a claim for unjust enrichment is subject to Rule 9(b) only if it is premised on fraud." (internal quotations omitted)).

July 7, 2014) (quoting *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1340-41 (S.D. Fla. 2011)). Under Fla. Stat. § 672.313(1)(b), moreover, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

Plaintiff's allegations reflect that Defendant sold the Products with a description of being "all natural" while the Products were not "all natural." *See* [DE 1 ¶¶ 45-50]. Additionally, Plaintiff alleges that she relied on that representation when purchasing the Products and, consequently, suffered economic damages. [*Id.* ¶¶ 51-56]. Finally, Plaintiff alleges that she provided Defendant notice of the breach of express warranty. [*Id.* ¶ 108]. The allegations, therefore, establish each of the requisite elements for a claim of breach of express warranty.

### G.    MMWA

Finally, Defendant submits that Plaintiff's MMWA claim fails because the allegations do not establish that the Products had defects. More specifically, Defendant indicates that, under the relevant provision of the MMWA, a written warranty is not created unless there is an affirmation or promise that a product is "defect free."

The Court finds that the allegations are sufficient to state a claim under the MMWA. An MMWA claim depends on a state law claim for breach of warranty. *See, e.g., Burns v. Winnebago Industries, Inc.*, No. 8:11–cv–354–T–24–TBM, 2012 WL 171088, at n*4 (M.D. Fla. Jan. 20, 2012) (collecting cases). Because Plaintiff's claim for breach of express warranty may proceed, the MMWA claim, at this juncture, may proceed as well.

### IV.    CONCLUSION

Defendant has raised no argument warranting dismissal of Plaintiff's claims. Although it is unclear whether any deceptive acts, unfair practices, misrepresentations, unjust enrichment, or

11

breaches of warranties will be proven based on the words "all natural" on cookie boxes or, alternatively, if Plaintiffs will fail to establish liability as the litigation proceeds, the allegations, if true, state valid causes of action at this pleading stage.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 9] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 9th day of September, 2014.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record